[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11770
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00543-JSM-AAS-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ITALO RAMON MERO MACIAS,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 21, 2018)

Before WILLIAM PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Italo Roman Mero Macias appeals his concurrent 124-month sentences for

conspiracy to possess and possession with the intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to United States jurisdiction. Macias argues that his below-Guidelines sentence is substantively unreasonable because the district court did not place enough weight on mitigating factors, including his poverty, lack of education, minor role in the offense, and attempt to extricate himself from the drug-smuggling operation.

We review challenges to the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party challenging the sentence carries the burden of showing that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). While we do not presume that a within-Guidelines sentence is reasonable, we ordinarily expect it to be so. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty may also be an indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

A district court must impose a sentence sufficient but not greater than necessary to meet the purposes listed in § 3553(a)(2), which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the

defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the circumstances of the offense and the defendant's history and characteristics. *Id.* § 3553(a)(1). Explicit statements on the record about these considerations are not necessary; a district court's acknowledgment that it considered the § 3553(a) factors and the arguments of the parties will generally suffice. *United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009).

The district court has discretion to decide how much weight to give any particular § 3553(a) factor. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). That a defendant personally disagrees with the consideration given to some factors does not necessarily mean that the court's considerations were unreasonable. *United States v. Valnor*, 451 F.3d 744, 752 (11th Cir. 2006). A district court may abuse its discretion, however, by (1) failing to consider significant, relevant factors; (2) giving significant weight to improper or irrelevant factors; or (3) committing a clear error in judgment by unreasonably balancing the proper factors. *United States v. Irey*, 612 F. 3d 1160, 1189 (11th Cir. 2010) (*en banc*).

Here, the district court did not abuse its discretion in imposing a 124-month sentence that was 11 months shorter than the low end of the Guideline range and only four months longer than the minimum mandatory sentence. The court acknowledged that it heard Macias's statement about his difficult upbringing and

3

his financial motivations for agreeing to the drug-smuggling venture, along with his counsel's arguments about his role in the offense, his participation under duress, and his codefendants' sentences.  But the court also acknowledged that it had reviewed the PSR, which described the seriousness of Macias's involvement in a drug-smuggling venture on a boat that was carrying 1,600 kilograms of cocaine. The district court's downward variance from the recommended Guidelines range of 135-160 months to Macias's 124-month sentence reflects that the court balanced these factors and gave Macias's mitigating factors proper weight.  Macias's argument is simply that, in his opinion, the district court "should have" weighed these factors differently—a far cry from abuse of discretion.  *Valnor*, 451 F.3d at 752.

Because the district court properly weighed the relevant factors and because the sentence was below the Guideline range, the court did not abuse its discretion. Accordingly, we affirm.

**AFFIRMED.**